UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
                                                   :
ERIK PRINCE,                         :
                                                   : No. 21 Civ. 10075 (LAP)
                                 Plaintiff, :
                                                   : ECF Case
                      -against-                  :
                                                   :
THE INTERCEPT, et al.,            :
                                                   :
                                 Defendants. :
---------------------------------------- X

## NOTICE OF MOTION OF DEFENDANT ALEX EMMONS

Defendant Alex Emmons, by and through undersigned counsel, respectfully submits this motion (a) to dismiss the Complaint filed by Plaintiff Erik Prince as against him pursuant to Federal Rule of Civil Procedure 12(b)(2), and, in the alternative, (b) joining in the pending motion of co-defendants First Look Media Works, Inc. n/k/a First Look Institute, Inc. ("First Look") and Matthew Cole to dismiss the Complaint pursuant to 12(b)(6) and The New York Anti-SLAPP statute, N.Y. Civil Rights Law § 76-a.

New York law and Constitutional Due Process do not support the exercise of jurisdiction over Emmons in this lawsuit. Emmons is a former First Look employee whose discrete tasks performed in connection with the news article in suit, and his lack of contacts with New York in performing that role, place him outside the jurisdiction of New York courts pursuant to the state's long-arm statute. CPLR § 302(a). As established in declarations attached to this motion and filed in Plaintiff's prior litigation against Defendants in federal court in Wyoming, the exercise of jurisdiction over Emmons, a current student who has not lived or worked in New

York as a First Look employee or since, also does not comport with state law conferring general jurisdiction, CPLR § 301, or traditional notions of fair play and substantial justice embodied in the Due Process clause.  Emmons should be dismissed as a defendant on this basis alone.

In the alternative, Emmons joins in the motion to dismiss pursuant to Federal Rule 12(b)(6) filed by Defendants First Look and Cole.  The article does not reasonably convey the implication the Complaint attempts to assign to it, nor does Plaintiff allege any additional, affirmative evidence that the defendants intended or endorsed his alleged implication.  What is more, any such implications present in the article are non-actionable opinion, and based on fully disclosed facts available to the readers.  Finally, Plaintiff was required to plead facts plausibly alleging that Defendants published with actual malice—that is, with knowledge that the challenged statements were false or with a high degree of awareness of their probably falsity—as a matter of the New York Anti-SLAPP law and federal common law, but he has again failed to do so in this second Complaint.

For all these reasons, Plaintiff lacked a substantial basis in law and fact in re-filing his suit in New York.  Accordingly, Emmons respectfully requests that the Court dismiss the Complaint with prejudice and award costs and fees pursuant to the New York Anti-SLAPP statute, N.Y. Civ. Rights L. § 70-a.

                              Respectfully submitted,

                              BALLARD SPAHR LLP

                              By:     */s/ Jay Ward Brown*
                                      Jay Ward Brown
                                      Mara Gassmann (*pro hac vice* filed
                                           contemporaneously)
                                      1675 Broadway 19th Floor
                                      New York, NY 10019-5820
                                      brownjay@ballardspahr.com

gassmannm@ballardspahr.com

*Counsel for Defendants*