**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                        :

ERIK PRINCE,                              :

                                   :   No. 21 Civ. 10075 (LAP)
                 Plaintiff,       :

                                   :   ECF Case
               -against-       :

                                   :

THE INTERCEPT, et al.,             :

                                   :

                  Defendants.     :

                                   :

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**DEFENDANT ALEX EMMONS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS FOR**
**LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**


                                  Jay Ward Brown
                                  Mara Gassmann (*pro hac vice* application
                                      filed contemporaneously)
                                  BALLARD SPAHR LLP
                                  1675 Broadway 19th Floor
                                  New York, NY 10019-5820
                                  Tel. 212.850.6119
                                  Fax 212.223.1942
                                  brownjay@ballardspahr.com
                                  gassmannm@ballardspahr.com

                                  *Counsel for Defendants*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...........................................................................................................ii

INTRODUCTION .......................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND RELEVANT TO JURISDICTION .......... 2

    A.    Defendant Emmons And The Challenged Article ................................................. 2

    B.    Prior Federal Court Action And Dismissal, And Emmons' Request For Voluntary Dismissal Here ...................................................................................... 3

ARGUMENT WITH RESPECT TO PERSONAL JURISDICTION ............................................ 4

I.    EMMONS SHOULD BE DISMISSED FROM THIS ACTION BECAUSE HE IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK............................. 5

    A.    Emmons Is Not Subject To This Court's General Jurisdiction............................. 5

    B.    Emmons Is Not Subject To Specific Jurisdiction In This Court............................ 6

        1.    New York's Long-Arm Statute Does Not Authorize Jurisdiction.............. 6

        2.    Exercising Jurisdiction Would Violate The Due Process Clause ............... 9

II.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE ALLEGATIONS FAIL ON THE MERITS ........................................................... 11

III.    EMMONS IS ENTITLED TO AN AWARD OF COSTS AND ATTORNEYS' FEES AFTER BEING NAMED IN THIS SECOND LAWSUIT "WITHOUT A SUBSTANTIAL BASIS IN FACT AND LAW"............................................................ 12

CONCLUSION............................................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aybar v. Goodyear Tire & Rubber Co.*,
   175 A.D.3d 1373 (2d Dep't 2019) ............................................................................5

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007)..............................................................4, 6, 7, 9, 10

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985)..................................................................................................9

*Chaiken v. VV Publ. Corp.*,
   119 F.3d 1018 (2d Cir. 1997)..................................................................................8

*Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*,
   No. 20 Civ. 7670 (CM), 2021 U.S. Dist. LEXIS 140055 (S.D.N.Y. July 27,
   2021) ..........................................................................................................................12

*Family Internet, Inc. v. Cybernex, Inc.*,
   No. 98 Civ. 0637 (RWS), 1999 U.S. Dist. LEXIS 15549 (S.D.N.Y. Oct. 1,
   1999) ............................................................................................................................5

*Giannetta v. Johnson*,
   No. 20 Civ. 9016 (PAE), 2021 U.S. Dist. LEXIS 117916 (S.D.N.Y. June 24,
   2021) ....................................................................................................................10, 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)..................................................................................................5

*Kargo, Inc. v. Pegaso PCS, S.A.*,
   No. 05 Civ. 10528 (CSH) (DFE), 2008 U.S. Dist. LEXIS 57472 (S.D.N.Y.
   July 28, 2008)............................................................................................................6

*Lear v. Royal Caribbean Cruises Ltd.*,
   No. 1:20-cv-4660-GHW, 2021 U.S. Dist. LEXIS 67784 (S.D.N.Y. Apr. 7,
   2021) ............................................................................................................................4

*Licci v. Lebanese Can. Bank*,
   SAL, 673 F.3d 50 (2d Cir. 2012) ................................................................7, 9, 10

*Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*,
   No. 18-CV-4291 (PGG) (KHP), 2018 U.S. Dist. LEXIS 224028 (S.D.N.Y.
   Dec. 14, 2018)..................................................................................................5, 7, 9

*SPCA of Upstate NY, Inc. v. Am. Working Collie Ass'n*,
   18 N.Y.3d 400 (2012) ..................................................................................6

*Tannerite Sports, LLC v. NBCUniversal Media LLC*,
   135 F. Supp. 3d 219 (S.D.N.Y. 2015), *aff'd on other grounds sub nom*
   *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 846 F.3d 236 (2d Cir.
   2017) ...............................................................................................6, 7, 8

*Trachtenberg v. FailedMessiah.com*,
   43 F. Supp. 3d 198 (E.D.N.Y. 2014) ..............................................................8

*Xue v. Jensen*,
   No. 19-cv-1761 (VSB), 2020 U.S. Dist. LEXIS 217878 (S.D.N.Y. Nov. 19,
   2020) ......................................................................................................5

**Other Authorities**

N.Y. Civ. Rights Law §§ 70-a, 76-a ....................................................1, 2, 12, 13

CPLR § 301 ..................................................................................................5

CPLR § 302(a) .........................................................................................6, 7

Honorable Robert D. Sack, *Sack on Defamation* (5th ed. 2017) ..........................6, 11

Defendant Alex Emmons respectfully submits this memorandum of law in support of his motion (a) to dismiss the Complaint ("Complaint" or "Compl.") as against him pursuant to Federal Rule of Civil Procedure 12(b)(2), and, in the alternative, (b) joining in the pending motion of the other defendants to dismiss the Complaint pursuant to 12(b)(6) and The New York Anti-SLAPP statute, N.Y. Civil Rights Law § 76-a.

With respect to his joinder in the pending motion of co-defendants pursuant to Rule 12(b)(6), Emmons hereby adopts in full, and incorporates by reference, the statement of facts and arguments set forth therein.  Defs. First Look & Cole Mem. of Law in Supp. of Mot. to Dismiss, Dkt. 16 ("First Look Br.").  Emmons supplements the record with the following facts and arguments applicable to resolution of his motion to dismiss pursuant to Rule 12(b)(2).

## INTRODUCTION

Despite his limited role in the article, and his lack of contact with New York, Plaintiff again named Emmons in his re-filed lawsuit.  This is unsupported under New York law, where the reach of the long-arm statute over out-of-state defamation defendants is limited, out of a particular concern for news organizations and reporters who would otherwise be burdened by litigation away from their home jurisdiction. Exercising jurisdiction over Emmons here would also offend traditional notions of fair play and substantial justice embodied in the constitutional analysis.  Emmons is a former employee and current student whose discrete role in the Article and lack of contact with New York in performing that role do not comport with Due Process.

These jurisdictional failures exist on top of the substantive failures outlined in detail in the motion filed by First Look and Cole, which Emmons joins and summarizes in brief here. Namely, the article in suit does not reasonably convey the implication the Complaint attempts to assign to it, nor does Plaintiff allege any additional, affirmative evidence that Defendants intended or endorsed his alleged implication.  What is more, any such implications present in the

1

article are non-actionable opinion, and based on fully disclosed facts available to the readers. Finally, Plaintiff was required to plead facts plausibly alleging that Defendants published with actual malice as a matter of the New York Anti-SLAPP law and federal common law, but he has again failed to do so in this second Complaint.

For all these reasons, Plaintiff lacked a substantial basis in law and fact in re-filing his suit in New York, and Emmons' attorneys' fees and costs should be awarded under the Anti-SLAPP Act.

## FACTUAL AND PROCEDURAL BACKGROUND RELEVANT TO JURISDICTION

### A.   Defendant Emmons And The Challenged Article

Alex Emmons was hired as a reporter by First Look Media Works, Inc. n/k/a First Look Institute Inc. ("First Look"), publisher of The Intercept, in 2016 after receiving his Bachelor's Degree from Yale University.  Declaration of Alex Emmons ("Emmons Decl.") ¶ 2.  Assigned to the national security beat in Washington, D.C., where he then resided, he was occasionally called on to support the reporting of colleagues located elsewhere with research and supplemental reporting.  Such was the case with the April 2020 article published by First Look and principally authored by co-defendant Matthew Cole that is the subject of this action.  *Id.* ¶ 5.

For the article at issue, titled "Erik Prince Offered Lethal Services To Sanctioned Russian Mercenary Firm Wagner" ("the Article"), Emmons' tasks were to report on the discrete issue of U.S. sanctions law and to review the draft Article prior to publication.  *Id.*  He did so by researching federal government regulations promulgated by Washington, D.C.-area agencies and by communicating with a sanctions expert based in the Washington, D.C. area.  *Id.* ¶ 8.  He provided his work product to co-defendant Matthew Cole.  *Id.* ¶ 5.  The day prior to publication, he was asked to review the draft Article and did so.  *Id.*  As frequently occurs at First Look when

a young reporter supports a principal reporter in his or her work, Emmons' name was added to the byline.  *Id.* ¶ 6.

In performing his reporting tasks for the Article, Emmons did not travel to New York or direct any activities toward New York.  *Id.* ¶¶ 7-8.  He did not interview anyone in New York for the Article and did not work with anyone there for the article, other than to receive the request to assist from and provide his work product to his colleagues, who happened to be based in New York.  *Id.* ¶¶ 5, 8.  Other than the incidental fact that those colleagues and First Look are based in New York, the Article had no other connection to New York.  Defendants did not target New York, nor does Plaintiff plead that any alleged harm was specially felt in New York.  *Id.* ¶ 2.  Not only did Emmons not travel to New York in connection with the Article, at no time as a First Look employee did Emmons live in New York.  *Id.* ¶¶ 4, 10.

**B.    Prior Federal Court Action And Dismissal, And Emmons' Request For Voluntary Dismissal Here**

Following publication of the Article in April 2020, Prince filed suit in Wyoming, and all Defendants jointly moved to dismiss pursuant to Rules 12(b)(2) and 12(b)(6).  In support thereof, Emmons filed a declaration that set forth, among other things, that he then lived and worked in Washington, D.C. and that he had performed a limited role in connection with preparation of the Article.  Wyo. Decl. of Alex Emmons ("Emmons Wyo. Decl.," attached as Ex. A to Emmons' Decl.) ¶¶ 2, 5-6.   The Wyoming district court held that there was no jurisdiction over any of the Defendants in Wyoming and dismissed the Complaint, declining Plaintiff's request to transfer the action to New York because of what the Wyoming court considered substantial questions about the merit of Plaintiff's claim.  Ex. 15 to First Decl. of J. Ward Brown (Dkt. 17-15).

In June 2021, after the first iteration of this litigation was dismissed by the federal court in Wyoming and before the present action was filed in this Court, Emmons resigned from his

3

position at First Look in order to return to Connecticut to attend graduate school, and he has continuously resided in Connecticut since then.  Emmons Decl. ¶ 12.  When Plaintiff re-filed this lawsuit in New York, undersigned counsel asked him to voluntarily dismiss Emmons from the action, on the basis of the jurisdictional facts set forth in the previous sworn Declarations. Second Decl. of J. Ward Brown ("Second J. Ward Brown Decl.") ¶ 4.  Counsel also informed Plaintiff that Emmons was no longer a First Look employee but would continue to be represented by undersigned counsel and that, if he were dismissed as a party, Emmons would agree to be subject to discovery as if he were a party.  *Id.* Plaintiff again refused to voluntarily dismiss Emmons from the lawsuit.  *Id.* ¶ 5.  Instead, Plaintiff's counsel obtained Emmons' student email address and, despite Emmons being a represented party, emailed to him directly a request that he waive service of process in this action.  *Id.*

## ARGUMENT WITH RESPECT TO PERSONAL JURISDICTION

The plaintiff bears the burden of establishing that each defendant is subject to the jurisdiction of the court.  "[T]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007).  This requires that the pleadings and affidavits "include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'"  *Lear v. Royal Caribbean Cruises Ltd.*, No. 1:20-cv-4660-GHW, 2021 U.S. Dist. LEXIS 67784, at *10 (S.D.N.Y. Apr. 7, 2021).  A court must accept well-pleaded allegations not controverted by sworn declarations as true, but "will not, however, 'draw argumentative inferences in plaintiff's favor . . . [or] accept as true a legal conclusion couched as a factual allegation.'"  *Id.* at *10-11.

4

## I.  EMMONS SHOULD BE DISMISSED FROM THIS ACTION BECAUSE HE IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK

### A.  Emmons Is Not Subject To This Court's General Jurisdiction

A defendant is subject to the general jurisdiction of a court when his contacts with the state in which the court sits "'are so continuous and systematic as to render [him] essentially at home in the forum State.'"  *See Aybar v. Goodyear Tire & Rubber Co.*, 175 A.D.3d 1373, 1374 (2d Dep't 2019) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); CPLR § 302.  For an individual defendant, general jurisdiction is usually limited to the place he is domiciled.  *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18-CV-4291 (PGG) (KHP), 2018 U.S. Dist. LEXIS 224028, at *28 (S.D.N.Y. Dec. 14, 2018) ("Even an individual's engage[ment] in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum." (internal marks omitted)).  Emmons was never domiciled in New York as a First Look employee or since.  Emmons Decl. ¶¶ 4, 12.  Emmons did not work in New York or engage in "substantial, continuous, and systemic business" there.  *Id.* ¶¶ 7, 9. Emmons' only connection to the forum is that he previously worked for a company headquartered in New York.  But personal jurisdiction is assessed as to each defendant separately, and an employee is not subject to jurisdiction wherever his company is domiciled. *Family Internet, Inc. v. Cybernex, Inc.*, No. 98 Civ. 0637 (RWS), 1999 U.S. Dist. LEXIS 15549, at *10 (S.D.N.Y. Oct. 1, 1999) (corporate officers and shareholders not subject to general jurisdiction merely because the corporation is properly subject to general jurisdiction in the forum); *Xue v. Jensen*, No. 19-cv-1761 (VSB), 2020 U.S. Dist. LEXIS 217878, at *15 (S.D.N.Y. Nov. 19, 2020) (same).

Even if were not black letter law that an individual cannot be haled into court wherever his employer is, Plaintiff could not meet his burden of establishing jurisdiction based solely on

Emmons' ties to First Look because personal jurisdiction is evaluated at the time the complaint is filed.  *Kargo, Inc. v. Pegaso PCS, S.A.*, No. 05 Civ. 10528 (CSH) (DFE), 2008 U.S. Dist. LEXIS 57472, at *11 (S.D.N.Y. July 28, 2008).  Here Emmons had left First Look to become a full-time student six months before Prince filed his Complaint in the above-captioned case.

For these reasons, Emmons is not subject to the general jurisdiction of New York courts.

**B.      Emmons Is Not Subject To Specific Jurisdiction In This Court**

       **1.      New York's Long-Arm Statute Does Not Authorize Jurisdiction**

New York law, by its terms, does not authorize jurisdiction over Emmons, a former resident of Washington, D.C., now living in Connecticut.  The long-arm statute generally permits the exercise of specific personal jurisdiction over an out-of-state defendant only in four specified circumstances, and these circumstances are even further limited where the claim at issue is one for defamation.  *Best Van Lines*, 490 F.3d at 244-46.  In particular, the statutory provisions that otherwise confer jurisdiction over defendants who commit tortious acts within the state and who cause injury to persons or property within the state expressly do not apply to claims for defamation.  CPLR § 302(a)(2), (3).[1]  And the provision that subjects a defendant who owns real property in New York to specific jurisdiction in the state is inapplicable to Emmons.  *Id.* § 302(a)(4); Emmons Decl. ¶ 10.

---

[1] In exempting defamation altogether, the New York legislature was codifying its policy of imposing more stringent limitations on defamation claims and was specifically seeking to stem the tide of lawsuits haling media defendants into foreign courts.  *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 230 (S.D.N.Y. 2015) (discussing provisions of long-arm statute that "expressly exclude actions for defamation, due to the judgment of New York's legislature that subjecting out of state defendants to suit in New York solely on the basis of defamation would chill free expression"), *aff'd on other grounds sub nom Tannerite Sports, LLC v. NBCUniversal News Grp.*, 846 F.3d 236 (2d Cir. 2017); *SPCA of Upstate NY, Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 404 (2012) (same); The Honorable Robert D. Sack, *Sack on Defamation* § 15:1.2[C] (5th ed. 2017) (discussing emphasis on protecting the press found in legislative history).

Instead, pursuant to the long-arm statute, a defendant in a defamation action such as Emmons can be haled into court in New York only if he both (i) "transacts any business within the state or contracts anywhere to supply goods or services in the state," and (ii) there is a substantial relationship between that activity and the claim in question.  CPLR § 302(a)(1); *Licci v. Lebanese Can. Bank*, SAL, 673 F.3d 50, 66 (2d Cir. 2012).  "In order to demonstrate that an out-of-state defendant is 'transact[ing] any business'" within the meaning of CPLR § 302(a)(1), "there must have been some purposeful activities within the state that would justify bringing the nondomiciliary defendant before the New York courts." *Sparrow Fund Mgmt.*, 2018 U.S. Dist. LEXIS 224028, at *28-29; *Tannerite Sports*, 135 F. Supp. 3d at 234 (plaintiff must show defendant "purposefully directed its alleged defamatory statements at New York as required by Section 302(a)(1)").  Drawing on the Constitutional Due Process analysis, New York courts "look to 'the totality of the defendant's activities within the forum,' to determine whether a defendant has 'transact[ed] business' in such a way that it constitutes 'purposeful activity' satisfying the first part of the test.'" *Best Van Lines*, 490 F.3d at 246 (citation omitted).

"As for the second part of the test, '[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York.'" *Id.*  Mindful not to allow the "transacting business" language in the statute to "eliminate[]" the "gap" that the defamation exceptions in sections 302(a)(2) and (3) created, New York courts "do not interpret 'transact[ing] business' to include mere defamatory utterances sent into the state.'" *Id.* at 248.  They instead "construe 'transacts any business within the state' more narrowly in defamation cases than they do in the context of other sorts of litigation.'" *Id.*

Plaintiff here asks the Court to eliminate that statutorily-enacted gap.  In his sole

allegation regarding jurisdiction, Prince alleges that:

> The Intercept and First Look Media's principal place of business is New York,
> and Defendants Cole and Emmons are employed by The Intercept and/or First
> Look Media. Cole and Emmons worked together to co-author the Story that forms
> the basis of this Complaint pursuant to their employment with The Intercept
> and/or First Look Media, and worked with editors and other Intercept staff located
> in New York in the process of authoring the Story. The Defendants could thus
> reasonably anticipate that a suit based upon their acts and omissions with respect
> to the Story could result in them being subject to suit in this State, and this suit
> arose directly out of the Defendants' acts or omissions in relation thereto.

Compl. ¶ 19.

As Emmons' declarations in the Wyoming litigation and here establish, he was at the

time of publication a District of Columbia-based reporter whose involvement in creation of the

Article at issue was limited.  He was tasked with performing discrete research on sanctions law

generally and reviewing a draft of the Article prior to publication, both of which he did from the

Washington, D.C.-area.  Emmons Decl. ¶¶ 5, 7-8; Emmons Wyo. Decl. ¶ 6.  Such actions do not

establish specific jurisdiction over Emmons in New York.  *Trachtenberg v. FailedMessiah.com*,

43 F. Supp. 3d 198, 204-05 (E.D.N.Y. 2014) (conducting research out of state for allegedly

defamatory publication not sufficient to establish defendant was transacting business in New

York); *see also Chaiken v. VV Publ. Corp.*, 119 F.3d 1018, 1030 (2d Cir. 1997) (affirming

dismissal of individual reporters for insufficient contacts with forum under statute even less

stringent than New York's).

It bears emphasis in this regard that Emmons' work in connection with the Article did not

relate to any uniquely New York-centric issues.  The subject of the Article, Prince, is not based

in New York.  Emmons did not interview anyone in New York, travel to New York, or target his

(minimal) activities toward New York.  Emmons Decl. ¶ 8; *see also Tannerite Sports*, 135 F.

Supp. 3d at 234 (granting defendant's motion to dismiss for lack of jurisdiction in part because

plaintiff failed to show that defendant's employees "who assisted in the [allegedly defamatory] broadcast interviewed any people in New York or relied on any sources in New York in connection with the creation or broadcast"). He communicated with a small number of colleagues who happened to be in New York. Emmons Decl. ¶ 5. This is insufficient to establish jurisdiction. *Sparrow Fund Mgmt.*, 2018 U.S. Dist. LEXIS 224028, at *28-31 (CEO's activities in New York were not sufficient "transactions" to establish jurisdiction, even if his company was subject to jurisdiction); *Best Van Lines*, 490 F.3d at 248 (proof of a "single act" can suffice to establish long-arm jurisdiction for other claims, but limited "transaction" is not enough for defamation).

2.     **Exercising Jurisdiction Would Violate The Due Process Clause**

Because New York's long-arm statute does not confer jurisdiction over Emmons, the Court need not reach the constitutional inquiry. *Best Van Lines*, 490 F.2d at 244. The Due Process clause nevertheless provides a separate and independent basis for declining to exercise jurisdiction over him.

The constitutional analysis under the Due Process Clause consists of inquiries into both the defendant's "minimum contacts" with the forum state and the "reasonableness" of requiring him to litigate there. *Licci*, 673 F.3d at 60. The minimum contacts inquiry examines "whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." *Id.* The Court considers these contacts in totality, with the crucial question being whether the defendant has "purposefully avail[ed] himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws such that [the defendant] should reasonably anticipate being haled into court there." *Best Van Lines*, 490 F.3d at 242-43 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). For the reasons stated above, Emmons did not purposefully avail himself of the benefits

9

and privileges of New York and lacks the minimum contacts necessary for jurisdiction in New

York.  *Supra* at 7-8; *Best Van Lines*, 490 F.3d at 246-47 ("New York courts define 'transacting

business' as purposeful activity . . . . '[T]ransacting business' for the purposes of section

302(a)(1) overlaps significantly with the constitutional 'minimum contacts' doctrine" (alterations

omitted)).

    To assess the "reasonableness" prong of the Due Process question, courts ask "whether

the assertion of personal jurisdiction comports with 'traditional notions of fair play and

substantial justice'—that is, whether it is reasonable to exercise personal jurisdiction under the

circumstances of the particular case." *Licci*, 673 F.3d at 60.  Courts consider:

> (1) the burden that the exercise of jurisdiction will impose on the
> defendant; (2) the interests of the forum state in adjudicating the case;
> (3) the plaintiff's interest in obtaining convenient and effective relief;
> (4) the interstate judicial system's interest in obtaining the most
> efficient resolution of the controversy; and (5) the shared interest of
> the states in furthering substantive social policies.

*Giannetta v. Johnson*, No. 20 Civ. 9016 (PAE), 2021 U.S. Dist. LEXIS 117916, at *14

(S.D.N.Y. June 24, 2021) (citation omitted).  The balance of these considerations favors

dismissal of Emmons.  As an out-of-state defendant and full-time student with a relatively minor

connection to this litigation, the burdens of being a named party in out-of-state litigation are

significant.  Meanwhile, Prince's "interest in obtaining convenient and effective relief" would

not be impaired by Emmons' dismissal:  First Look (as well as Cole) are defendants and would

remain so were the Court to dismiss Emmons on jurisdictional grounds but deny the separate

motion to dismiss for failure to state a claim.  There is no reason to think that Plaintiff or his

counsel would be unable to obtain third-party discovery from Emmons to the extent they persist

in believing that his testimony is relevant to any claim or defense in the action.  In short, Plaintiff

would suffer no prejudice from the dismissal of Emmons.

In terms of systemic interests, they are neutral here or favor dismissal.  While ordinarily a forum state might have an interest in adjudicating a particular case, as discussed *supra* at 6 n.1, New York codified a policy *disfavoring* hauling out-of-state journalists (or here, former journalists), into New York courts without a sufficient basis, and had hoped that other states would follow by enacting similar long-arm statutes.  *Sack on Defamation* § 15.1-2[C].  And, finally, dismissal of Emmons is unlikely to create inefficient or inconsistent results.  If Plaintiff were to re-file in another district, this litigation would be further along and likely to result in decisions with preclusive or persuasive effect.  Additionally, given Emmons' minor role in creation and ultimate publication of the story, Emmons will not have new or different evidence that would result in a different outcome—or evidence that he as a non-party witness and First Look as a defendant would not have had to produce in this litigation already.  Principles of fairness and justice militate in favor of dismissal of Emmons as a party.

## II.     THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE ALLEGATIONS FAIL ON THE MERITS

Were the Court to find that New York law and the U.S. Constitution support the exercise of personal jurisdiction over Emmons, dismissal is still required because the Complaint fails to allege a viable claim for defamation.  As set forth in the First Look Brief in support of its and Cole's motion to dismiss under Rule 12(b)(6), in which Emmons has joined, the Complaint fails for each of the following independent reasons:

- The Article is not defamatory as a matter of law.  Specifically, the plain and natural meaning of the language put at issue in the Complaint does not reasonably convey the defamatory implications that Prince attempts to give it—namely, that he committed illegal or traitorous acts.  Moreover, nothing on the face of the Article or in its language provides affirmative evidence that Defendants intended or endorsed such implications.  First Look Br. at 8-10.

- Even if such a meaning were reasonably implied by the Article, it constitutes non-actionable opinion.  Specifically, any implications or questions arising from the

11

statements alleged in the Complaint would constitute pure opinion or opinion based on disclosed fact, protected under federal and New York law. *Id.* at 11-12.

- Price was required to plausibly plead actual malice fault under both the New York Anti-SLAPP statute and the common law (under which public figure defamation plaintiffs like Prince must allege plausible facts). But Prince failed to plead actual malice in his second bite at the apple, despite being put on notice by the Wyoming federal court that his original pleading was deficient in this regard. *Id.* at 13-18.

Each of these reasons constitutes an independent and separate basis for dismissing with prejudice the Complaint against Emmons.

## III.   EMMONS IS ENTITLED TO AN AWARD OF COSTS AND ATTORNEYS' FEES AFTER BEING NAMED IN THIS SECOND LAWSUIT "WITHOUT A SUBSTANTIAL BASIS IN FACT AND LAW"

Emmons is entitled to costs and attorneys' fees in defending against this second suit by Prince, who was aware of the key jurisdictional facts set forth above prior to initiating this action.  The Anti-SLAPP statute provides that costs and attorney's fees "shall be recovered" against plaintiffs who commence or continue claims based on speech on matters of public concern "without a substantial basis in fact and law" or "substantial argument for the extension, modification or reversal of existing law."  N.Y. Civ. Rights Law § 70-a; *see also Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, No. 20 Civ. 7670 (CM), 2021 U.S. Dist. LEXIS 140055, at *26 (S.D.N.Y. July 27, 2021).[2]

After Prince filed suit in Wyoming, all Defendants jointly moved to dismiss pursuant to Rules 12(b)(2) and 12(b)(6).  In support thereof, Emmons filed a declaration that set forth, among other things, that he lived and worked in Washington, D.C. and that he had performed a limited role in the Article.  Emmons Wyo. Decl. ¶¶ 2, 5-6.  Plaintiff therefore knew of Emmons' limited involvement in the alleged defamation, and that there was no basis for alleging general or

---

[2] Defendants remain prepared to brief the applicability of this provision of the Anti-SLAPP statute in federal court, should the Court so order.  First Look Br. at 20 n.8.

specific jurisdiction over Emmons in New York, when he named him as a defendant in this refiled lawsuit.  Defense counsel requested that Plaintiff dismiss Emmons from the lawsuit based on the established jurisdictional facts. Second J. Ward Brown Decl. ¶ 4.  Defense counsel also informed Plaintiff that Emmons was no longer a First Look employee but would continue to be represented by undersigned counsel and that if dismissed as a party, agreed to fully cooperate as a witness.  *Id.*  Plaintiff refused to voluntarily dismiss Emmons from the lawsuit.  *Id.* ¶ 5.

Not only did Plaintiff lack "a substantial basis in fact and law" to believe, and allege, that Emmons was subject to the jurisdiction of this Court, he had affirmative evidence of the opposite.  Plaintiff's insistence on maintaining Emmons as a named party smacks of harassment and justifies an award of fees and costs, as provided for under the Anti-SLAPP law for precisely the reasons evident here.

## <u>CONCLUSION</u>

For the foregoing reasons, Emmons respectfully requests that this Court enter an order dismissing this action against him with prejudice and awarding him all reasonable fees and costs.

Respectfully submitted,

BALLARD SPAHR LLP

By:     */s/ Jay Ward Brown*
        Jay Ward Brown
        Mara Gassmann (*pro hac vice* application filed
            contemporaneously)
        1675 Broadway 19th Floor
        New York, NY 10019-5820
        brownjay@ballardspahr.com
        gassmannm@ballardspahr.com

        *Counsel for Defendants*

13