**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ERIK PRINCE,

*Plaintiff*,

v.

THE INTERCEPT, a New York company, FIRST
LOOK MEDIA WORKS, INC., a Delaware
corporation, MATTHEW COLE, an individual, and
ALEX EMMONS, an individual,

*Defendants*.

No. 21 Civ. 10075 (LAP)

**DECLARATION OF MATTHEW L. SCHWARTZ**

I, MATTHEW L. SCHWARTZ, declare as follows:

1.      I am a member of the bar of this Court, a partner in the law firm of Boies Schiller
Flexner LLP, and counsel for Plaintiff Erik Prince in the above-captioned case. I submit this
declaration in support of Mr. Prince's opposition to the motions to dismiss filed by Defendants in
this action.  ECF Nos. 15, 21.

2.      Mr. Prince originally filed a predecessor version of this lawsuit against Defendants
in the District of Wyoming.  *Prince v. The Intercept, et al.*, No. 20-cv-00084-ABJ (D. Wyo.) (the
"Wyoming Action").  Defendants moved to dismiss the Wyoming Action for lack of personal
jurisdiction, among other things.  Before resolving Defendants' motion, the Court in the Wyoming
Action requested supplemental briefing on whether Mr. Prince was entitled to jurisdictional
discovery and, if the Court found it lacked personal jurisdiction, whether it should transfer the case

rather than dismiss it.  The Court's November 5, 2020 order in the Wyoming Action is attached hereto as Exhibit A.

3.       Accordingly, on November 30, 2020, Mr. Prince submitted a supplemental brief, arguing that, if the Court had doubts about personal jurisdiction, he should be permitted to take jurisdictional discovery and that, if the Court determined it lacked personal jurisdiction, that the Court should transfer the Wyoming Action to the Southern District of New York.  Plaintiff's November 30, 2020, Supplemental Memorandum of Law is attached hereto as Exhibit B.

4.       In his Supplemental Memorandum of Law, in advocating for transfer, Mr. Prince explained why he could have brought the Wyoming Action in the Southern District of New York at the time the Action was filed.  Mr. Prince explained why venue would be proper in the Southern District of New York, and that each Defendant would be subject to personal jurisdiction in New York.  Ex. B at 12–14.  Specifically, as to Alex Emmons, Mr. Prince explained:

> New York courts would have specific jurisdiction over Emmons. Emmons lives in Washington, D.C., but is an employee of a New York-based organization and co-authored the Article with his New York-based colleague, Cole. [ECF No. 1 ¶ 15; 18-2 ¶ 6.] Although Mr. Prince cannot know the extent to which Emmons communicated or met with Cole and other Intercept employees in New York, it is clear that this lawsuit arose directly out of Emmons's contacts with New York, including the editorial and publishing apparatus for The Intercept in New York. *See, e.g.*, *Mercator Risk Servs., Inc. v. Girden*, No. 08 CIV. 10795(BSJ), 2008 WL 5429886, at *3 (S.D.N.Y. Dec. 30, 2008) (finding personal jurisdiction over out-of-state employees of New York company because employees had "interacted with their employer's New York headquarters, accessed data maintained by their employer in New York, availed themselves of the benefit of being employed by a New York company, and generated profits for a New York company").

5.       On December 14, 2020, Defendants filed a response to Mr. Prince's Supplemental Memorandum of Law.  Defendants' December 14, 2020, Reply to Plaintiff's Supplemental Memorandum of Law is attached hereto as Exhibit C.

6.      In Defendants' response, they did not challenge Mr. Prince's assertion that Mr. Emmons would be subject to personal jurisdiction in New York, or even address this argument at all.  In fact, in arguing that the Court should dismiss the case rather than transferring it, Defendants did not raise any issue whatsoever with Mr. Prince refiling the case in the Southern District of New York.  Instead, Defendants stated in a footnote:

> Plaintiff devotes two pages of his Supplemental Memorandum to arguing that jurisdiction is proper in the Southern District of New York, and yet again falsely suggests that Defendants are somehow hiding the ball. Pl.'s Suppl. Mem. at 12-14. But as stated in the Reply in Support of the Motion to Dismiss, all defendants are "subject to the jurisdiction of courts where they reside or do substantial business" *and Defendants here do not dispute that New York courts have jurisdiction over them.* Defs.' Reply at 5 n.3.

Ex. C at 9 n.8 (emphasis added).

7.      On January 15, 2021, the Court dismissed the Wyoming Action for lack of personal jurisdiction.  The Court's opinion and order is attached as Exhibit 15 to the February 11, 2022, Declaration of Jay Ward Brown, ECF No. 17-15.  The Court's decision to dismiss the case for lack of personal jurisdiction and not to transfer the action to the Southern District of New York relied, at least in part, on the fact that Defendants did not dispute that New York courts have personal jurisdiction over them and that Mr. Prince could refile his claims in New York.  The Court acknowledged that in deciding the motion to transfer, it must first "determine whether the proposed transferee court has personal jurisdiction over the defendants" and that "Defendants do not dispute that New York courts have jurisdiction over them."  ECF No. 17-15 at 21.  The Court ultimately decided that such a transfer was not "in the interests of justice" after analyzing other factors, such as "whether the claims would be time barred if filed anew in the proper forum."  *Id.*  In analyzing that factor, the Court stated that "this action would not be time-barred if Mr. Prince filed it in New York," thereby adopting Defendants' position with regard to personal jurisdiction and concluding that New York was the "proper forum" in which to file the action.  *Id.* at 21–22.

8.      Attached hereto as Exhibit D is a true and correct copy of the Defendants' August 3, 2020, memorandum of law in support of their motion to dismiss in the Wyoming Action, in which Defendants contended that Mr. Prince failed to state a claim for defamation under substantive Wyoming law.  Defendants did not contend that New York law applied to Mr. Prince's defamation claims in the Wyoming Action.

9.      Attached hereto as Exhibit E is a true and correct copy of Matthew Cole's August 3, 2020, declaration in support of Defendants' motion to dismiss in the Wyoming Action.

10.      Attached hereto as Exhibit F is a true and correct copy of Kate Meyers's August 3, 2020, declaration in support of Defendants' motion to dismiss in the Wyoming Action.

11.      Attached hereto as Exhibit G is a capture of the "About the Intercept" page of www.theintercept.com, which lists The Intercept's employees and, for many of those employees, their physical locations.  Attached hereto as Exhibit H is a capture of Alex Emmons's biography page from www.theintercept.com, which lists at least some of the articles Emmons authored while working for The Intercept.

12.      Although I am not able to discern the physical locations of all of Emmons's co-authors during his time at The Intercept, based on Exhibits G and H, Emmons appears to have authored at least the following articles with New York-based journalists while working at The Intercept:

   a.  *Arms Sale to UAE Goes Forward Even as U.S. Probes Tie Between UAE and Russian Mercenaries*, with Matthew Cole.  Ex. H at 4–5, Ex. E ¶ 5.

   b.  *Erik Prince Offered Lethal Services to Sanctioned Russian Mercenary Firm Wagner*, with Matthew Cole.  Ex. H at 8, Ex. E ¶ 5.

     c.   *Joe Biden, in Departure From Obama Policy, Says He Would Make Saudi Arabia a "Pariah,"* with Akela Lacy.  Ex. H at 13, Ex. G at 4.

     d.   *Political Ploy by Mitch McConnell Blocks Attempt to Stop War With Iran*, with Jon Schwarz.  Ex. H at 16, Ex. G at 6.

     e.   *UAE Enlisted Businessman to Spy on Trump White House*, with Matthew Cole.  Ex. H at 16, Ex. E ¶ 5.

     f.   *Democrats Running for President Are Waking Up to the Danger of War With Iran*, with Akela Lacy and Jon Schwarz. Ex. H at 17–18, Ex. G at 4, 6.

     g.   *Senate Votes to End U.S. Support for Yemen War, But Republican Tricks Send Resolution Back to the House Yet Again*, with Akela Lacy.  Ex. H at 19, Ex. G at 4.

     h.   *"Our Democracy Is in Danger": Key Reactions to Donald Trump's Firing of FBI Director James Comey*, with Jon Schwarz.  Ex. H at 44, Ex. G at 6.

I declare under penalty of perjury under the laws of the United States and the State of New York that the above and foregoing statements are true and correct.

Dated: March 21, 2022                           /s/ Matthew L. Schwartz      
                                                Matthew L. Schwartz